UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DAVID ALLEN DEVANEY, SR.,**

Plaintiff,

v.                                                         **No. 4:23-cv-1052-P**

**CHIEF FNU BLANKENSHIP, ET AL.,**

Defendants.

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Defendants Captain Bryan Gordy and Lieutenant Joe Sullivan for summary judgment. The Court, having considered the motion, the response of Plaintiff, David Allen Devaney, Sr., the reply, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

## PLAINTIFF'S CLAIMS

The operative pleading is Plaintiff's amended complaint.[1] ECF No. 9. In it, he alleges that on April 18, 2023, Defendants placed him in nonpunitive administrative segregation in the Johnson County Corrections Center (hereinafter "Jail") and that his release date is indefinite. *Id.* at 4. He alleges that he has not behaved aggressively toward anyone and that administrative segregation is being used punitively. *Id.* He is of the opinion that his status is based on something he said when he was first arrested in June 2022, but he does not recall what it was. *Id.* at 6.

## GROUND OF THE MOTION

Defendants assert that they are each entitled to qualified immunity.

---

[1] The Court allowed Plaintiff to proceed with his claims against Defendants Gordy and Sullivan only and dismissed other purported claims. ECF Nos. 10, 11. Plaintiff has not stated, and the Court need not discuss, a claim against Johnson County, Texas.

## APPLICABLE LEGAL STANDARDS

### Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purpose of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### Qualified Immunity

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established" the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639–40. In *Harlow*, the Court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. More recently, the Court has clarified that the "violative nature

of the *particular* conduct [must be] clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.* at 79–80.

If public officials of reasonable competence could differ on the unlawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *Mullenix*, 577 U.S. at 11; *Malley v. Briggs*, 475 US. 335, 341 (1986); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). A mistake in judgment does not cause an officer to lose his qualified immunity defense. Rather, the qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law." *Hunter*, 502 U.S. at 229 (quoting *Malley*, 475 U.S. at 341). Further, that the officer himself may have created the situation does not change the analysis. That he could have handled the situation better does not affect his entitlement to qualified immunity. *Cass v. City of Abilene*, 814 F.3d 721, 731–32 (5th Cir. 2016); *Young v. City of Killeen*, 775 F.2d 1349, 1352–53 (5th Cir. 1985). And, "an allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." *Malley*, 475 U.S. at 341.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994) (abrogation of qualified immunity is the exception, not the rule). The standard is demanding. *Vincent v. City of Sulpur*, 805 F.3d 543, 547 (5th Cir. 2015). In sum, to prevail when a defense of qualified immunity is asserted, the plaintiff must show (1) what the clearly established law at the time required in the particular circumstances and (2) that the defendant violated that clearly established law. The court may rest its

analysis on either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Both must be satisfied and if the plaintiff fails to establish either one, the court need not consider the other. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020); *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016). A plaintiff does not satisfy his burden by conclusory allegations based on speculation or unsubstantiated assertions of wrongdoing; he must point to specific evidence in the record. *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018); *Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 643–44 (5th Cir. 2014).

## UNDISPUTED FACTS

The record establishes the following undisputed facts:

Defendants are employees of the Johnson County Sheriff's Office and have been at all times relevant to this action. ECF No. 25, Exs. A & B.

In July 2022, Plaintiff was charged with capital murder and engaging in organized criminal activity (habitual) under No. DC-F202200675, four counts of possession of a controlled substance and unlawful possession of a firearm under No. DC-F202200779, and capital murder, engaging in organized criminal activity, and unlawful possession of a firearm by a felon (habitual) under No. DC-F202200780, all in Johnson County, Texas. ECF No. 25, Ex. A-1. On June 25, 2022, he was arrested and detained in the Jail and placed in administrative segregation for safety reasons given the violence of the underlying crimes, Plaintiff's criminal history, and the capital murder charges pending against him. *Id.*, Ex. A. In addition, Plaintiff had made threats of violence against others involved in the underlying drug deal and against another inmate at the jail, whom he perceived to be a snitch. *Id.* He was subsequently transferred to the Federal Medical Center, Fort Worth, Texas, pending resolution of federal charges. *Id.* On April 6, 2023, Plaintiff was sentenced to a term of imprisonment of 480 months under Case No. 4:22-cr-0213-P in this Court. *Id.* Ex. A-3. On April 11, 2023, Plaintiff was returned to the Jail and placed in administrative segregation, where he is serving his federal sentence while awaiting trial on the state charges. *Id.*, Ex. A.

4

Plaintiff was not placed in administrative segregation for punitive reasons, but rather because of the violent circumstances that led to his arrest, his extensive criminal history, and the pending capital murder charges against him. Inmates charged with capital murder are routinely placed in administrative segregation for their own safety as well as for the safety and security of the Jail. Nonpunitive administrative segregation means that Plaintiff is kept in an isolation cell, but he has almost all of the privileges that inmates in the general population have. He is entitled to telephone calls, visitation, video visits, access to the commissary, one hour of recreational time outside his cell daily, and access to a tablet. The only privilege that he does not have is the ability to spend time in the day room with other inmates. ECF No. 25, Ex. A.

Defendant Sullivan conducts a review of inmates held in administrative segregation every thirty days to determine whether they should remain so confined. Defendant Gordy conducts a second review to confirm that such placement is appropriate. The reasons for Plaintiff's placement have not changed; accordingly, he remains in administrative segregation. ECF No. 25, Exs. A & B.

## ANALYSIS

As a general rule, an inmate does not have a protectable liberty or property interest in his custodial classification. *Butler v. Porter*, 999 F.3d 287, 296 (5th Cir. 2021); *Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir. 1988) (per curiam). "[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim." *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996).

In this case, the record reflects that Plaintiff has the same privileges as other inmates except for time together with them during recreation. At best, he alleges that he has been denied an electrical outlet. ECF No. 26 at 1. That is not an atypical or significant circumstance. *Rhine v. City of Mansfield*, 499 F. App'x 334, 335 (5th Cir. 2012) (deprivation of television, microwave, and hot plate did not give rise to due process claim). Nor is there any reason to believe that noises made by other inmates are atypical or significant or even that the same conditions

would not exist in any other cell.[2] Plaintiff simply has not shown that his conditions are severe enough to implicate due process concerns. *See LaVergne v. Stutes*, 82 F.4th 433, 436 (5th Cir. 2023); *Butler*, 999 F.3d at 296.

As Defendants note, Plaintiff is a convicted felon serving a federal sentence. But, even were he considered a pretrial detainee, his placement in administrative segregation would be appropriate. Defendants have established that the classification is reasonably related to legitimate governmental objectives and does not amount to punishment. Plaintiff has not come forward with any evidence to establish a genuine fact issue as to the reasons for his administrative segregation. His confinement is not unconstitutional. *See Bell v. Wolfish*, 441 U.S. 520, 538–39 & n.21 (1979) (allowing conditions or restrictions that reasonably relate to legitimate governmental objectives or are *de mimimis*). *See also Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009) (jailers are entitled to the widest possible deference in classifying detainees).

Finally, Plaintiff has not come forward with any evidence to create a genuine fact issue as to Defendants' entitlement to qualified immunity. He has not cited, and the Court is not aware of, any authority to show that his constitutional rights have been violated, much less that Defendants are engaged in conduct that every reasonable officer would know is violative of his constitutional rights.

## CONCLUSION

Defendants' motion for summary judgment is **GRANTED**; Plaintiff **TAKE NOTHING** on his claims; and, such claims are **DISMISSED**.

**SO ORDERED** on this **13th day** of **August 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[2] As Defendants note, ECF No. 27 at 2, these are new allegations not raised in Plaintiff's amended complaint and not properly before the Court in any event. *Ford v. Anderson Cnty.*, 102 F.4th 292, 318 (5th Cir. 2024) (per curiam).